## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

J.J. CARPET & GENERAL SERVICES, INC., including all of their officers, directors, representatives, shareholders, owners, agents, attorneys, employees, parent companies, subsidiaries, related companies, affiliates, successors and assigns, John Jairo Martinez, including all of his heirs, representatives, attorneys, successors, and assigns (hereafter collectively referred to as "Defendants") and ATILIO E. CHIQUILLO ("Plaintiff"), **and all others similarly situated under 29 U.S.C. 216 (b)**, including their heirs, representatives, attorneys, successors (hereafter collectively referred to as "Plaintiffs"), for good and valuable consideration, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release.** In consideration for the promises contained in this Confidential Settlement Agreement and Mutual General Release (hereafter referred to as "Agreement"), the parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, asserted or unasserted, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of their employment from the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiffs resulting from any act or omission by or on the part of the Released Parties committed prior to and through the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiffs are all claims under Title VII of the 1964 Civil Rights Act; the Civil Rights Act of 1991; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Equal Pay Act; the Fair Labor Standards Act ("FLSA"); the Employee Retirement Income Security Act (ERISA); the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; the Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986; the Occupational Safety and Health Act; Chapter 760, Florida Statutes; the Florida Private Whistle-blower's Act of 1991; and any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof. This release includes all claims which were, or could have been, asserted in the lawsuit styled *Atilio E. Chiquillo, and all others similarly situated v. J.J. Carpet & General Services, Inc., and John Jairo Martinez*, Case No. *0:16-CV-62254-WJZ*, pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

2. **Settlement Amount, Attorneys' Fees and Costs.** In consideration of the promises of Plaintiffs as set forth herein, the Released Parties agree to settle this matter for a total sum of Fifteen Thousand Five Hundred and 00/100 $15,500.00 delivered to J. H. Zidell, P.A., 300 71ST Street, Suite 605, Miami Beach, Florida 33141 according to the following payment schedule and distribution:

EXHIBIT "A"

| Payment | Total Amount | Delivery Date | Checks Payable to Plaintiffs |
|---|---|---|---|
| 1 | For Atilio E. Chiquillo: <br><br> Total of: $3,385.00 | Within five (5) business days following the expiration of the rescission period set forth in Paragraph 15 below and Court approval of this Agreement | Checks payable to Atilio E. Chiquillo: $1,692.50, less applicable withholding taxes, for overtime wages; and $1,692.50 for liquidated damages, with no taxes withheld. |
| 2 | For Atilio E. Chiquillo: <br><br> Total of: $3,385.00 | Within thirty (30) days following Payment 1 above | Checks payable to Atilio E. Chiquillo: $1,692.50, less applicable withholding taxes, for overtime wages; and $1,692.50 for liquidated damages, with no taxes withheld. |

Out of the total settlement proceeds, Plaintiff's counsel is receiving Six Thousand Seven Hundred Thirty Dollars and 00/100 ($6,730.00) for attorneys' fees, costs and disbursements ($530.00 of that total represents costs). Further, out of the total settlement proceeds, Plaintiff is receiving $2,000.00 (with no taxes withheld) as additional consideration in exchange for his providing a general release in favor of Defendants. One Thousand Dollars ($1,000.00) out of the total of $2,000.00 shall be paid within five (5) business days following the expiration of the rescission period set forth in Paragraph 15 and Court approval of this Agreement, and the other half ($1,000.00) shall be paid within thirty days of the first payment. Plaintiff and Plaintiff's counsel shall provide Defendants' counsel with properly executed Form W-9s prior to disbursement of any settlement checks.

3. **Covenant of Confidentiality.** Plaintiff agrees that the facts of and terms of this Agreement are strictly confidential and, with the exception of disclosure to Plaintiff's spouse, counsel, accountant or tax advisor or pursuant to a subpoena, to enforce this Agreement, or to submit to the Court for review and approval of the Released Parties' Agreement or as otherwise as required by applicable law, shall not be disclosed to any other persons, entities, or organizations, without prior written approval of Defendants' counsel. The Parties agree to submit this Agreement to the Court for approval.

4. **Indemnification.** Plaintiff acknowledges and agrees that he will be solely and exclusively responsible for reporting to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiff shall indemnify and hold harmless Defendants, their directors, officers, attorneys, parent companies, related companies, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating, directly or indirectly, to the monies received by Plaintiff hereunder, including, without limitation, Plaintiff, the IRS, or any other person or agency.

5. **Non-Admission Clause.** By entering into this Agreement, Defendants do not admit any liability whatsoever to Plaintiffs or to any other person arising out of any claims asserted, or that could have been asserted in any claim, including but not limited to claims under the FLSA, and expressly deny any and all such liability.

6. **Non Disparaging Remarks**. The Plaintiff agrees that he will not disparage Defendants, by written or oral word, gesture, or any other means, nor will he make any disparaging or negative comments about Defendants, to any person or entity. In the event that a prospective employer requests an employment reference for Plaintiff, the Released Parties agree that Defendants will only provide dates of employment, and/or positions held, and/or rates of pay.

7. **Future Employment.** Plaintiff agrees not to reapply for employment with Defendants in the future in any capacity whatsoever, and agrees that if he does apply, he will not be hired. Plaintiff agrees that Defendants' refusal to hire him (or his termination in the event he is inadvertently hired) is in accordance with this Agreement and not retaliatory or otherwise a violation of any law, regulation or ordinance.

8. **Jurisdiction.** The Released Parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida.

9. **Dismissal of Lawsuit With Prejudice**. Following Plaintiff's execution of this Agreement and the expiration of the rescission period set forth in Paragraph 15 below, and within five business (5) days of the Court's approval of the Agreement, Plaintiff's Counsel agrees to immediately effectuate dismissal of the lawsuit with prejudice. The Parties agree that the Court shall reserve jurisdiction to enforce the terms of the Agreement.

10. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

11. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

12. **Enforcement**. In the event any action is commenced to enforce this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs.

13. **Voluntariness. Parties Represented by Counsel.** Plaintiff certifies that he has fully read, negotiated, and completely understands the provisions of this Agreement, that he has been advised by Defendants to consult with an attorney before signing this Agreement, and that he has in fact consulted with his attorneys and that he is signing freely and voluntarily, and without duress, coercion, or undue influence. This Agreement is not to be construed against any

party as all Released Parties were represented by counsel and participated in the drafting of this Agreement.

14.  The Plaintiff shall have a period of 21 days from his receipt of this Agreement within which to review the Agreement with his attorneys and to determine whether or not to enter into it and the Release contained herein. The parties agree that any revisions to the original version of this Agreement will not re-start said 21-day period.

15.  The Plaintiff shall have seven (7) days from and after the date of his execution of this Agreement within which to rescind it. Rescission shall be in writing, delivered to Defendants' counsel, Alan D. Danz at danz@danzlaw.net . To be effective, rescission must be delivered via email on or before the end of the seventh calendar day from the Plaintiff's execution of this Agreement.

16.  **Counterparts:** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

ATILIO E. CHIQUILLO

By: _____
Date: 12-23-16

JJ. CARPET & GENERAL SERVICES, INC.

By: _____
Title: V.P.
Date: 1/2/17

By: _____
JOHN JAIRO MARTINEZ
Date: 1/2/17